## VILLAGE OF LITCHFIELD v. COUNTY OF MEEKER.[1]

December 19, 1930.

No. 28,310.

*Alva R. Hunt* and *N. T. Woodward,* for appellant.
*Sam G. Gandrud,* for respondent.

STONE, J.

Plaintiff, village of Litchfield, is situated in and the county seat of Meeker county, the defendant. . The former appeals from an adverse judgment entered after trial without a jury. The decision below is challenged only in so far as it denies recovery of $870.35 paid by the village for the expense of returning to Germany an alien pauper and his family.

The decisive findings are as follows: Meeker county operates under the town system of caring for the poor. Klem, the pauper, his wife and two children "came" to Litchfield from Germany ten years ago, and more than one year afterwards became public

[1]Reported in 233 N. W. 804.

charges. "Thereafter for about eight years, at various times, they were furnished aid from the poor funds" of the village. In 1928, being without work and having so requested, Klem and his family, the children having increased from two to eight in number, were returned to Germany at the expense of the village, "they claiming at said time that Germany was their old home." "During all of the time since their arrival therein until said departure" Klem and his family "resided in said village."

■ G. S. 1923 (1 Mason, 1927) § 3161, declares that "every person, * * * who has resided one year continuously in any county, shall be deemed to have a settlement therein" if it has the county system of caring for the poor, and if it has the town system "he shall have a settlement in the town, city or village therein in which he has longest resided within such year." It is plain therefore that the "settlement" of Klem and his family was in Litchfield. Section 3161 excludes the time during which a person has received poor relief from any municipality "in determining the time of residence hereunder." But there is neither proof nor suggestion in this case of facts making that provision applicable.

The charity of our poor laws makes no distinction on the ground of nationality. Aliens are as much entitled to relief as our own citizens and, in proportion to their numbers, get it as commonly and as freely. The statutory definition of "settlement" therefore applies to aliens in the same way as it does to our own citizens. That is the sufficient answer to the argument for plaintiff which asserts that because Klem was an alien we ought to infer that he had no domicile in Litchfield or elsewhere in the United States. There is no occasion to consider the real difference between domicile and residence. Town of Albion v. Maple Lake, 71 Minn. 503, 74 N. W. 282. The "settlement," under the poor laws, of the Klems in Litchfield was established.

■ G. S. 1923 (1 Mason, 1927) § 3186, authorizes a town to transport any person "not having a legal settlement therein" and "likely to become a public charge" to "the place of his settlement" only, if he have one "in this state." So there are two good reasons for the

holding below that the payment by Litchfield of the expense of the Klem deportation was unlawful so that no part was recoverable from the county under § 3195, which would have required the county, under the proof, to have reimbursed the village for 75 per cent of the expenditure had it been lawful. One reason is that Klem had a "settlement" in Litchfield when the payment was made. The other is that the statute (§ 3186) authorizes conveyance of the poor person to the place of his actual settlement only if he has one "in this state." It does not empower a town to deport an alien. Our statutes do not empower a village to ship its paupers overseas at the expense of the county.

Judgment affirmed.